T.C. Summary Opinion 2011-112


UNITED STATES TAX COURT


ALBERT J. AND LOURDES E. FLORES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6009-10S.            Filed September 22, 2011.


Albert J. and Lourdes E. Flores, pro sese.

Sarah E. Sexton, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined deficiencies for 2006 and 2007 of $9,589 and $23,783, respectively, as well as section 6662(a) accuracy-related penalties of $1,918 and $4,757, respectively.[1]  After concessions,[2] the issues for decision are whether petitioners: (1) Are entitled to deduct business expenses reported on Schedule C, Profit or Loss From Business,[3] and (2) are liable for section 6662(a) accuracy-related penalties.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits, the supplemental stipulation of facts and attached exhibits, and the stipulation of settled issues are incorporated herein by reference. Petitioners resided in California when they filed their petition.

---

[1]The penalty amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioners are entitled to mortgage interest deductions of $55,961 for 2006 and $58,113 for 2007.  The notice of deficiency for 2007 lists the adjustment to petitioners' mortgage interest as $58,114.  There is no explanation for the $1 difference between the amount of the adjustment in the notice of deficiency and the amount in the stipulation of settled issues.

[3]Other adjustments made to petitioners' itemized deductions are computational and will not be discussed.

Albert J. Flores (petitioner) was an insurance salesman in 2006 and 2007.  Petitioner's clients and business meetings spanned almost the entire State of California.  He used a calendar to document his appointments.  For each appointment he listed the name of the client and an abbreviated description of the purpose for the meeting.  For some of his appointments petitioner included the address or location of the meeting.  For other appointments he only listed a geographical area for the meeting.  Petitioner did not include the mileage driven for each appointment on the calendar.  Petitioner did begin "constructing a log to reconstruct the mileage" for his appointments about 3 months before his trial date.

Petitioner used two vehicles, a Volkswagen and an Infiniti, for business travel, but he did not document which vehicle he used for the appointments listed on his calendar.  Petitioner used the optional standard mileage rate to calculate his claimed deductions for the Volkswagen but used his actual expenses to calculate his claimed deductions for the Infiniti.

Petitioner also claimed deductions for meals and entertainment expenses, travel expenses, and advertising expenses.  He reported his income and expenses for each year on a Schedule C.  For 2006 petitioner claimed deductions for car and truck expenses of $15,630, travel expenses of $5,229, and meals and entertainment expenses of $4,320.  For 2007 petitioner

claimed deductions for car and truck expenses of $18,173, travel expenses of $4,320, and advertising expenses of $48,917. Instead of giving his return preparer his calendar or receipts for his expenses, petitioner gave his return preparer a worksheet with a "guesstimate" of his expenses.

Respondent disallowed petitioner's deductions for all of the car and truck expenses, travel expenses, and meals and entertainment expenses for 2006. Respondent disallowed petitioner's deductions for all of the car and truck expenses, travel expenses, and advertising expenses for 2007.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, petitioners bear the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du

Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Travel expenses, however, including meals and lodging, entertainment expenses, and expenses with respect to listed property must be substantiated by adequate records or sufficient

evidence corroborating the taxpayer's own statement showing the: (1) Amount of such expenditure, (2) time and place of the travel or entertainment, (3) business purpose of the expense, and (4) the business relationship to the taxpayer of the person being entertained. Sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Listed property includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

To satisfy the adequate records requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of the expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). If a taxpayer does not have adequate records to substantiate each element of an expense, he may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element", and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

The Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d

201 (2d Cir. 1969); <u>Rodriquez v. Commissioner</u>, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating certain expenses).

<u>Petitioner's Car and Truck Expenses</u>

Petitioner used two different vehicles when he conducted business in 2006 and 2007. For the Volkswagen he used the optional standard mileage rate to calculate his expenses. Petitioner used his actual expenses for the Infiniti. A taxpayer may use a standard mileage rate as established by the Internal Revenue Service in lieu of substantiating actual expenses for the business use of a passenger automobile. See sec. 1.274-5(j)(2), Income Tax Regs. A taxpayer may use either method but may not use both. See <u>Larson v. Commissioner</u>, T.C. Memo. 2008-187.

Petitioner has not substantiated his expenses under either method. The calendars that petitioner introduced into evidence, although contemporaneous, did not include the number of miles he drove for each business trip nor which vehicle he used.[4] He did not begin to construct a mileage log until 3 months before trial. The mileage log lists several business places as an "area" as

---

[4]Petitioner entered into evidence calendars for 5 months of 2006 and 6 months of 2007. He testified that he kept his calendars on his smartphone that was linked to his computer. Petitioner provided no explanation for why he could not produce complete calendars for each year in issue.

opposed to a specific location.[5] "[T]he probative value of written evidence is greater the closer in time it relates to the expenditure or use." Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The lack of specificity in petitioner's mileage log does little to corroborate his testimony of business use for either vehicle.

Petitioner also introduced into evidence repair records and gas receipts for the Infiniti. No evidence was presented to show the ratio of the business use to the personal use of the Infiniti. Petitioner is entitled to deduct only that percentage of the expense he incurred that equals the business use percentage of the Infiniti. See Larson v. Commissioner, supra; sec. 1.274-5T(d)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46025 (Nov. 6, 1985). Petitioner did not substantiate the business use percentage for the Infiniti.

Petitioner has failed to substantiate his car and truck expenses for 2006 and 2007. Respondent's determination to disallow petitioner's car and truck expenses is sustained.

Petitioner's Meals and Entertainment Expenses

Petitioner entered into evidence receipts for meals and golf outings. Generally, the deduction for meals and entertainment expenses is limited to 50 percent of the amount substantiated.

---

[5]Petitioner listed the majority of his business locations as the "Concord area".

Sec. 274(n). Petitioner testified that the golf outings were related to business, but he did not give any further details. None of the receipts introduced into evidence list a business purpose, and the golf receipts do not show the business relationship to the taxpayer of the person being entertained. See sec. 274(d). Therefore, petitioner failed to substantiate his meals and entertainment expenses for 2006. Respondent's determination to disallow petitioner's meals and entertainment expenses is sustained.

Petitioner's Advertising Expenses

Petitioner introduced into evidence three duplicate checks totaling $3,714.15 to substantiate a portion of his advertising expenses.[6] The three checks are written to the same individual. The memo line of each check is difficult to read. Petitioner testified that one of the memo lines read "rent and Ing annuity". Petitioner did not explain how a check written for the rental of office space was an advertising expense. Petitioner did not explain the Ing annuity or any of the other memo lines. No evidence was introduced to explain the other $45,202.85 of expenses petitioner deducted for advertising. Petitioner failed to substantiate his advertising expenses and failed to provide a basis upon which the Court could estimate his advertising

---

[6]A fourth duplicate check entered into evidence is illegible. A duplicate check is the carbon copy of the written check.

expenses.  See <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.
Respondent's determination to disallow petitioner's advertising
expenses is sustained.

<u>Petitioner's Travel Expenses</u>

Petitioner did not provide any substantiation, written or
oral, for his travel expenses for 2006 or 2007.  Therefore,
respondent's determination to disallow petitioner's travel
expenses is sustained.

<u>Accuracy-Related Penalties</u>

Section 6662(a) and (b)(1) and (2) imposes a 20-percent
accuracy-related penalty on the portion of an underpayment that
is attributable to negligence, disregard of rules or regulations,
or a substantial understatement of income tax.

The term "negligence" in section 6662(b)(1) includes any
failure to make a reasonable attempt to comply with the Code and
the term "disregard" includes any careless, reckless, or
intentional disregard.  Sec. 6662(c).  Negligence has also been
defined as the failure to exercise due care or the failure to do
what a reasonable person would do under the circumstances.  See
<u>Allen v. Commissioner</u>, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348,
353 (9th Cir. 1991); <u>Neely v. Commissioner</u>, 85 T.C. 934, 947
(1985).

An understatement of income tax is the excess of the amount
of income tax required to be shown on the return for the taxable

year over the amount of income tax that is shown on the return, reduced by any rebate. See sec. 6662(d)(2)(A). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. See sec. 6662(d)(1)(A).[7]

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. Sec. 7491(c). In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once that burden is met, the taxpayer bears the burden of proving that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like. Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449. Respondent has met that burden here.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances

---

[7]After respondent's concessions, see supra note 2, it is not clear that petitioners will have a substantial understatement of income tax for 2006 or 2007. Because the Court finds that petitioners are liable for a sec. 6662(a) penalty for each year because of negligence, we need not decide whether they are liable for the penalties due to substantial understatements of income tax.

test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

Petitioners failed to substantiate thousands of dollars of expenses for the years in issue. Petitioners provided no evidence that they acted in good faith and with reasonable cause. Accordingly, respondent's determination of the accuracy-related penalties is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.